IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:12CR00042-5 |
|---|---|---|
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARCHETTA ANITA JONES, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Marchetta Anita Jones, a federal inmate proceeding *pro se*, has moved to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Jones to respond has expired, making this matter ripe for consideration.[1] Upon review of the record, the court concludes that Jones has not stated any claim for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

A federal grand jury charged Jones and ten codefendants in a seven-count indictment. Jones was charged with count one, conspiracy to distribute one thousand kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and counts two and three, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).[2] On December 10, 2012, a plea agreement was filed with the court pursuant to Rule 11 of the Federal Rules of Criminal Procedure, which was fully endorsed by Jones, her counsel, and the Assistant United States Attorney. In the plea agreement, Jones stipulated that she was responsible for between 400 and 700 kilograms of marijuana. (Plea Agreement at 3, Dkt. No. 226.) Jones agreed to waive her

---

[1] The government filed an affidavit from Jones's former counsel with its motion to dismiss. The court may consider a motion to dismiss submitted with additional affidavits or documents outside the pleadings as a motion for summary judgment governed by Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 12(d). However, because the court does not rely on the affidavit from counsel, it will not convert the government's motion to dismiss into a motion for summary judgment.

[2] Counts four, five, six, and seven charged certain codefendants with distribution of a measurable quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1).

right to appeal and collaterally attack the judgment, with the exception that she preserved her right to file a collateral attack based on ineffective assistance of counsel. (*Id.* at 8-9.) Jones also agreed to "willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which [she was] pleading guilty."[3] (*Id.* at 12).

On July 28, 2014, Jones pleaded guilty to a lesser included offense of count one, conspiracy to distribute more than 100 kilograms of marijuana, and to count two, conspiracy to commit money laundering. During the guilty plea hearing, the government stated that Jones "would be held responsible for between 400 and 700 kilograms of marijuana." (Plea Hr'g Tr. at 4, Dkt. No. 439.) Jones affirmed that she had received a copy of the indictment pending against her and had "fully discussed those charges and this case in general with [her] counsel." (*Id.* at 7.) She further affirmed that she had read and understood the plea agreement, and that no one had "made any other or different promises or assurance[s] to [her] of any kind in an effort to induce [her] to enter a plea of guilty." (*Id.* at 8-9.) Jones also affirmed that she understood she was waiving her right to collaterally attack her plea and sentence and that she understood that if "the sentence is more severe than [she] expected it to be" she would still be bound by her plea. (*Id.* at 17-18.) She affirmed she was "pleading guilty because [she was] in fact guilty . . . ." (*Id.* at 19.) The court found that Jones was "fully competent and capable of entering an informed plea and that [her] pleas of guilty were knowing and voluntary" and accepted her plea of guilty. (*Id.* at 24-25.)

On June 6, 2013, the court conducted Jones's sentencing hearing, where Jones was present with counsel. During the sentencing hearing, the court adopted the Presentence

---

[3] The plea agreement also provided that the government agreed to recommend a sentence at the low end of the applicable guideline range and a three-level reduction for acceptance of responsibility.

Investigation Report ("PSR") and the parties did not object. The PSR proposed a total offense level of 27 and a criminal history category of VI, resulting in a guideline range of imprisonment of 130 to 162 months.[4] (PSR at 27, Dkt. No. 362.) The court imposed a sentence of 130 months imprisonment, and Jones did not appeal.

In her § 2255 motion, Jones claims that counsel provided ineffective assistance by (1) failing to challenge the government's breach of the plea agreement; (2) failing to challenge the plea agreement for lacking information regarding her potential sentence; and (3) failing to explain the elements of money laundering. Jones also claims that the court failed to provide a basis for the sentence imposed and that her sentence was too severe compared to the sentences of her codefendants. Finally, Jones moves the court to apply the holding in *Alleyne v. United States,* __ U.S. __, 133 S. Ct. 2151 (2013), to the facts of her case. The court finds that Jones's motion to vacate fails and will be dismissed.

## II.

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Jones bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965); *Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

---

[4] Had Jones elected to go to trial, she might not have received credit for acceptance of responsibility, which would have produced an offense level of 30 and increased the guideline custody range to 168 to 210 months. (PSR at 28, Dkt. No. 362.)

To establish a claim of ineffective assistance of counsel, Jones must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).[5] The first prong of *Strickland* requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an objective standard of reasonableness. *Id*. at 687-88. Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Id*. at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 at 694. A petitioner who pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Jones fails to show both deficient performance and resulting prejudice as required by *Strickland.*

### III.

**A. Ineffective Assistance of Counsel Claims**

Jones claims that counsel provided ineffective assistance by failing to challenge the government's breach of the plea agreement. In support, Jones argues that she agreed to plead guilty to "conspiracy to distribute more than 100 kilograms of marijuana, but the sentence was

---

[5] If a petitioner has not satisfied one prong of the test, a court does not need to inquire whether he has satisfied the other prong. *Id.* at 697.

based on [400-700] kilograms of marijuana." (Mot. to Vacate at 1, Dkt. No. 433-1.) Jones claim fails because she has not shown that the government breached the plea agreement. Jones pleaded guilty to a lesser included offense of Count One, conspiracy to distribute *more than* 100 kilograms of marijuana. (Plea Agreement at 1, Dkt. No. 226) (emphasis added). The plea agreement plainly did not limit the amount of marijuana to 100 kilograms; indeed, it specifically provided that Jones would be held responsible for 400 to 700 kilograms of marijuana. (*Id.* at 3.) Moreover, during the guilty plea hearing, the government summarized the terms of the plea agreement, including that "[Jones] would be held responsible for between 400 and 700 kilograms of marijuana." (Plea Hr'g Tr. at 4, Dkt. No. 439.) Counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis." *Clanton v. Bair*, 826 F.2d 1354, 1359 (4th Cir. 1987).

Likewise, Jones cannot show counsel provided ineffective assistance for failing to challenge her plea agreement on the grounds that it lacked information regarding her potential sentence. In fact, Jones's plea agreement did contain information regarding her potential sentence. The plea agreement specifically advised of the possible maximum and minimum penalties, as well as the agreed sentencing guidelines range. (Plea Agreement at 1-2, 3, Dkt. No. 226.) In the plea agreement, Jones agreed that she "under[stood] the court is not bound by any recommendations or stipulations contained in this agreement and may sentence me up to the maximum provided by law."[6] (*Id.* at 12.) Thus, because Jones's plea agreement contained sufficient information regarding her potential sentence, counsel had no reason to object. *See Clanton,* 826 F. 2d. at 1359.

---

[6] Moreover, Jones argument that her total offense level should have been 25 and her sentencing guideline range should have been 57 to 71 months imprisonment, instead of 130 to 162 months imprisonment, relies on a faulty application of the guidelines. First of all, Jones's incorrect guideline calculations assume a criminal history category of I, but her actual criminal history category was VI. Second, Jones's total offense level was properly calculated as 27.

5

Finally, Jones's claim that she is dissatisfied with counsel's representation for failing to explain the elements of money laundering is contradicted by Jones's affirmances under oath during her plea colloquy. Jones affirmed that she was "fully satisfied with the counsel, representation, and advice given in this case by [her] attorney." (Guilty Plea Hr'g Tr. at 7, Dkt. No. 439.) Jones further affirmed that she had read, understood, and signed the plea agreement. (*Id.* at 8-9.) Specifically, the court asked, "Is there anything about [your plea agreement] you do not understand," and Jones responded, "No, sir." (*Id.* at 9.) Thereafter, the court explained the elements of the money laundering count to Jones, and asked, "[H]as your counsel explained to you the elements of Count Two, the money laundering count, and do you understand those elements?" (*Id.* at 14.) Jones responded, "Yes, Sir." (*Id.*) Jones also affirmed that she was "pleading guilty because [she was] in fact guilty . . ." (*Id.* at 19.) Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). Accordingly, these ineffective assistance claims will be dismissed.

### B. Basis for Sentence Imposed

Jones claims that the court failed to provide a basis for the sentence imposed and that the judgment does not show how "the 130 months was derived." (Mot. to Vacate at 3, Dkt. No. 433-1.) However, this claim is barred by Jones's plea agreement, which waives her right to collateral attack except for claims of ineffective assistance of counsel. (Plea Agreement at 9, Dkt. No. 226). "A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F. 3d. at 220.

Whether a waiver is knowing and voluntary requires evaluation of the "adequacy of the plea colloquy," with "reference to the totality of the circumstances." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (quoting *United States v. Thornsbury,* 670 F.3d 532, 357 (4th Cir. 2012)).

The record establishes that Jones entered a knowing and voluntary guilty plea, and she affirmed her understanding that she was waiving her right to collaterally attack the judgment and sentence. (Plea Hr'g Tr. at 17, Dkt. No. 439.) Jones also affirmed that she understood that if "the sentence is more severe than [she] expected it to be" she would still be bound by her plea. (*Id.* at 17-18.) Jones's claim that the court failed to provide a basis for the sentence imposed falls within the scope of the collateral attack waiver in the Plea Agreement, and consequently, this claim must be dismissed.[7]

### C. Sentence Disparity

Jones claims that her sentence was too severe, arguing that she performed a "minor function" in the conspiracy, and that she "should not have received a sentence any longer than the lowest of the other co-conspirators." (Mot. to Vacate at 3, Dkt. No. 433-1.) This claim is also barred by Jones's plea agreement, waiving her right to collateral attack except for claims of ineffective assistance of counsel. *See Lemaster*, 403 F. 3d. at 220.

---

[7] This claim also fails on its merits because a review of the record shows that the court provided a clear basis for the sentence imposed. The judgment entered in this case indicates that the sentence of 130 months imprisonment is based on Jones's guilty plea to a lesser included offense of Count One, and to Count Two. (Judgment at 1-2, Dkt. No. 360.) Furthermore, at the sentencing hearing, the court specified Jones's total offense level, criminal history category, and the resulting guidelines sentencing range of 130 to 162 months. (Sentencing Hr'g Tr. at 4, Dkt. No. 440.) Finally, the Court specifically stated it had considered the § 3553(a) sentencing factors in imposing the sentence. (*Id.* at 17.)

Moreover, Jones has not shown that her sentence was unconstitutionally disparate from her codefendants. "[I]t is well settled that codefendants and coconspirators may be sentenced differently for their commission of the same offense." *United States v. Rodriguez*, 473 F. App'x 310, 311 (4th Cir. 2012) (unpublished) (citing *United States v. Pierce*, 409 F.3d 228, 235 (4th Cir. 2005)). "A criminal sentence violates the Equal Protection Clause only if it reflects disparate treatment of similarly situated defendants lacking any rational basis." *Pierce*, 409 F.3d at 234; *see also United States v. Ellis*, 975 F.2d 1061, 1065-66 (4th Cir. 1992) (recognizing that an otherwise proper sentence cannot be challenged on the basis of an alleged disparity between sentences of codefendants). In addition, the court specifically considered Jones's criminal history, and the factors in 18 U.S.C. § 3553(a) when imposing her sentence.[8] (Sentencing Hr'g Tr. at 16-17, Dkt. No. 440). Accordingly, this claim will be dismissed.[9]

**D. Alleyne**

Finally, Jones "moves to have . . . *Alleyne* [133 S. Ct. 2151] applied to this case." (Mot. to Vacate at 5, Dkt. No. 43-1.) In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. 133 S. Ct. at 2156. However, *Alleyne* does not apply to the instant

---

[8] Jones suggests she might have been "confused with one of the other co-conspirators" and characterizes her criminal history as "minor shoplifting charges . . . which would not cause her sentence to be enhanced." (Mot. to Vacate at 4, Dkt. No. 433-1.) However, the court clearly did not confuse her with another defendant and provided an overview of her lengthy criminal history at sentencing, stating, "[I]t's just hard to fathom how all this can keep happening . . . I mean, it really appears that you probably are virtually unsupervisable." (Sentencing Hr'g Tr. at 16, Dkt. No. 440.)

[9] To the extent that Jones claims her counsel provided ineffective assistance regarding her sentence, this claim also lacks merit because counsel argued at sentencing that Jones's sentence should reflect her minor role in the conspiracy and asked for a variance below the guidelines. At the sentencing hearing, Jones's counsel asked for a variance of 110 months. Counsel argued, "[Jones's] drug weight actually is probably the lowest among all the people involved in this conspiracy, and that's because she was certainly at the low end, if not the lowest, in terms of her participation in this [] criminal enterprise." (Sentencing Hr'g Tr. at 10, Dkt. No. 440.) Counsel also spoke specifically regarding Jones's criminal history, stating "Her criminal history category is VI almost entirely because she has this extraordinary record of larceny convictions going back many years." (*Id*. at 11.)

case because Jones's statutory mandatory minimum sentence was not increased.[10] Jones pleaded guilty to facts subjecting her to a five-year mandatory minimum sentence and a statutory 40-year maximum sentence. That Jones's sentencing guidelines range proposed 130 to 162-months imprisonment, due in large part to her extensive record of larceny convictions, does not implicate *Alleyne*. Even after *Alleyne*, application of the sentencing guidelines is a question of fact to be resolved by the sentencing court and not the jury. *See United States v. Holder*, 549 F. App'x. 214, 215 (4th Cir. 2014) (unpublished) ("[T]he factual findings needed to calculate a defendant's advisory Guidelines range are still within the district court's province."); *see also United States v. Booker*, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."). Accordingly, *Alleyne* does not apply and this claim will be dismissed.

## IV.

For the reasons stated herein, the court will grant the government's motion to dismiss.

Entered: June 19, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[10] Moreover, the court imposed judgment against Jones on June 6, 2013, and *Alleyne* was decided on June 17, 2013. The holding in *Alleyne* has not been made retroactively applicable to cases on collateral review. *See, e.g., United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (unpublished) (noting that "Alleyne has not been made retroactively applicable to cases on collateral review"); *Oscar v. United States*, No. 2:93cr131, 2015 U.S. Dist. LEXIS 1602, at *4, 2015 WL 104727, at *2 (E.D. Va. Jan. 6, 2015); *Williams v. United States*, No. 4:09cr39, 2014 U.S. Dist. LEXIS 15872, at *19, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014).